Meyer, J.
(dissenting). I would affirm. Abandonment of the character upon which the majority insists in this custody proceeding is clearly appropriate when the issue is whether a parent’s constitutional right to raise his or her child or children should be terminated. Matter of Bennett v Jeffreys (40 NY2d 543) was, however, an effort to enunciate a more fluid concept relating to custody as distinct from termination proceedings. Phrased as “extraordinary *211 circumstances” the test is not so stringent as abandonment, though abandonment can constitute an extraordinary circumstance. A finding of extraordinary circumstances by itself, however, is not sufficient; that finding is but a predicate for balancing factors relative to each contestant in order to determine where lies the best interests of the child or children whose custody is in issue.
Thus, while it is true that Bennett was not an abandonment case, that fact is irrelevant. Bennett applied the best interests test to determine custody as between a parent and foster parent, because the court found “extraordinary circumstances” in “the protracted separation of mother from child, combined with the mother’s lack of an established household of her own, her unwed state, and the attachment of the child * * * to the custodian” (at p 550). To make the determination of this custody proceeding turn on whether there was “an abandonment as defined by statute” (at p 209), rather than whether the findings made by the Family Court Judge and affirmed by the Appellate Division are sufficient to trigger the best interests test is, simply put, to apply the wrong rule of law.
In my view, the affirmed findings establish extraordinary circumstances. Petitioner did not just refuse to consent to an operation for one of his children (at p 207). Told in July, 1975 of his child Janice’s brain tumor and asked to sign a consent form because the hospital insisted upon it,* he not only refused but told respondent (the foster parent) “If she going to die ain’t nothing we can do about it, let her die”, made no effort to help with the other children though asked to do so by respondent who was visiting the hospital daily, and saw the ill child once in the hospital and once when she came home, and then disappeared from the lives of respondent and his children for over a year. If that does not by itself constitute “callous disregard” and “complete indifference” (People ex rel. Anonymous v Anonymous, 10 NY2d 332, 336), the failure to visit with the children on any meaningful basis from the time they were turned over *212 to respondent in the fall of 1974 until respondent sought petitioner out in July, 1975 in the effort to get his consent concerning Janice, or to provide support for them, financial or psychological, at any time, adds enough to come within Bennett’s “extraordinary circumstances" rubric.
Not only are extraordinary circumstances established by this record, but also the affirmed findings establish that custody in respondent is in the best interests of the children. As I had occasion to write in Matter of Norman (26 Misc 2d 700, 704): “Second only to love in the parent-child relationship is stability.” Petitioner has given his children neither; respondent has given them both. Petitioner’s parental rights have not been “lost so easily” as the majority (at p 209) suggests; rather he has consciously disregarded them. It may well be that he can establish a new relationship with the children, for even if custody remained, as I think it should, with respondent, he would be entitled to visitation, and, of course, unless his parental rights are hereafter terminated according to statute, he can bring another custody proceeding whenever he has established a relationship with them that warrants his doing so.
Judges Jasen, Gabrielli, Jones and Wachtler concur with Chief Judge Cooke; Judges Fuchsberg and Meyer dissent and vote to affirm in separate dissenting opinions.
Order reversed, without costs, and the matter remitted to Family Court, Onondaga County, with directions to grant the petition.

 After petitioner’s refusal the hospital, because of the urgency of Janice’s situation, accepted a consent signed by respondent acting under power of attorney given respondent the previous year by petitioner.